**Fernando GALLARDO and Herbert Sperling, Appellants,**

v.

**Michael J. QUINLAN, Patrick Keohane, and Benjamin F. Baer.**

**No. 88–5969.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 10, 1989.

Decided May 11, 1989.

Rehearing Denied July 13, 1989.

---

Louise O. Knight, Clement and Knight, Lewisburg, Pa., for appellants.

James J. West, U.S. Atty., James A. Gibbons, Asst. U.S. Atty., Scranton, Pa., for appellees.

Before HIGGINBOTHAM, STAPLETON, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal presents the question whether plaintiffs, who committed federal offenses and were convicted and sentenced before the effective date of the Sentencing Reform Act of 1984 (SRA), may benefit from the SRA's amendment of the statute under which they were sentenced. We conclude that they may not.

Plaintiffs, inmates at the Lewisburg federal penitentiary, filed an action in the United States District Court for the Middle District of Pennsylvania, seeking declaratory judgment and relief in the nature of mandamus. They named as defendants the director of the United States Bureau of Prisons, the chairman of the United States Parole Commission, and the warden of the Lewisburg penitentiary. The section of the sentencing statute pursuant to which the plaintiffs were sentenced provided, inter alia, that they were ineligible for a minimum date of parole eligibility. Plaintiffs sought a declaration that, by virtue of the SRA, they were now entitled to a minimum date of parole eligibility. On defendants' motion for summary judgment, the district court concluded that the amendments made by the SRA did not entitle plaintiffs to a minimum date of parole eligibility. The court entered summary judgment in favor of defendants.

Plaintiffs' argument that the SRA entitles them to a minimum date of parole eligibility proceeds as follows. Plaintiffs Sperling and Gallardo were convicted in 1973 and 1982 respectively for violations of federal drug laws and were sentenced pursuant to 21 U.S.C. § 848(c). At the time of sentencing, section 848(c) explicitly disallowed parole eligibility. The statute stated:

In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, *and section 4202 of title 18 . . . shall not apply.*

21 U.S.C. § 848(c). Section 4202, inapplicable to section 848(c) offenders, provided for parole eligibility for inmates serving a term of one year or more who had served one-third of their sentence, and for inmates serving a life sentence or a sentence of over thirty years who had served ten years of their sentence.[1]

In 1984 Congress passed the Comprehensive Crime Control Act, P.L. 98–473, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1837. Chapter II of that Act, known as the Sentencing Reform Act of 1984 (SRA), replaced the federal system of indeterminate sentencing and parole with a system of determinate sentencing and no parole. The SRA removed entirely the concept of parole from federal sentencing and provided for the phasing out of the United States Parole

---

1. 18 U.S.C. § 4202 was amended in 1976 to become incorporated in 18 U.S.C. § 4205.

Commission over a period of five years. The effective date of the SRA was originally to have been November 1, 1986; however, it was later extended to November 1, 1987.

As part of the SRA, under the heading "Technical and Conforming Amendments," Congress deleted the reference to the parole statute from section 848(c), pursuant to which plaintiffs had been sentenced. It removed from 21 U.S.C. § 848(c) the language stating that "section 4202 of title 18" shall not apply. P.L. 98–473 § 224(c) 1984 U.S.Code Cong. & Admin.News (98 Stat.) 2030.

Plaintiffs argue that the deletion of the no-parole language from section 848(c) by implication amended the statute and effectively made section 4202 apply to section 848(c) offenders. Through the interplay of the amended section 848(c) and other provisions of the SRA, plaintiffs argue, they are now entitled to parole eligibility.

The question whether Congress really intended by this amendment of section 848(c) to confer parole eligibility to drug offenders who were sentenced with no possibility of parole, however, need not be reached. We dispose of this case at a more preliminary level, for it is clear that the SRA does not apply to plaintiffs' offenses.

In the Sentencing Act of 1987, Congress amended section 235(a)(1) of the SRA to clarify its intent that the SRA apply "only to offenses committed after the taking effect of this chapter [on November 1, 1987]." P.L. 100–182 § 2(a) 1987 U.S.Code Cong. & Admin.News (101 Stat.) 1266. In *United States v. Martinez–Zayas*, 857 F.2d 122 (3d Cir.1988), this court reaffirmed that Congress intended the "provisions of its new sentencing law to apply only if the underlying offense was committed after November 1, 1987." 857 F.2d at 127. Plaintiffs committed their offenses well before that date. The SRA therefore does not apply to them.

Accordingly, we will affirm the district court's grant of summary judgment in favor of defendants.