895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael McGraw CALLAGHAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5969.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Michael McGraw Callaghan, a pro se federal prisoner, appeals the district court's denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255.
 Callaghan challenged his fifteen year sentence imposed in September 1987 following his guilty plea to one count of bank robbery (18 U.S.C. Sec. 2113). He filed his Sec. 2255 motion alleging that he should be resentenced based upon a retroactive application of the Federal Sentencing Guidelines, 28 U.S.C. Sec. 994(a), which took effect on November 1, 1987. Callaghan contends that the Sentencing Reform Act of 1984, 18 U.S.C. Sec. 3551, requires retroactive application of the guidelines because applying the guidelines would result in a significantly shorter sentence. Following the district court's denial of his motion, Callaghan filed a timely appeal, raising the same issues which were before the district court. In addition, Callaghan has filed a motion seeking in forma pauperis status on appeal.
 Upon review, we conclude the district court properly denied Callaghan's motion to vacate.
 Callaghan's assertions that the sentencing guidelines should be applied retroactively are without merit. In his argument, Callaghan relies strongly on the decision of the United States Supreme Court in Linkletter v. Walker, 381 U.S. 618 (1965). Whatever the status of Linkletter may be after the Supreme Court's decision in Teague v. Lane, 109 S.Ct. 1060, 103 L.Ed2d 334 (1989), however, Linkletter is readily distinguishable from the instant case because it deals with a change in the law brought about by a judicial opinion rather than a statute or code which takes effect on a date certain. Further, even were we to apply the three prong Linkletter retroactivity analysis to the instant situation, such an analysis would result in a refusal to apply the guidelines retroactively because of the negative impact a retroactive application of the guidelines would have "upon the interests in the administration of justice and the integrity of the judicial process." Linkletter, 381 U.S. at 637.
 
 
 1
 Furthermore, we note that the other circuits which have decided this issue have ruled against the retroactive application of the sentencing guidelines. See Gallardo v. Quinlan, 874 F.2d 186, 188 (3d Cir.) (per curiam) (the new sentencing law applies only if the underlying offense was committed on or after November 1, 1987), cert. denied, 110 S.Ct. 373 (1989); United States v. Watson, 868 F.2d 157, 158 (5th Cir.1989) (the Federal Sentencing Guidelines apply only to offenses committed on or after their effective date, November 1, 1987); United States v. Stewart, 865 F.2d 115, 118-19 (7th Cir.1988) (the Sentencing Reform Act of 1984 did not apply to defendants whose offenses were committed prior to November 1, 1987); United States v. Burgess, 858 F.2d 1512, 1514 (11th Cir.1988) (per curiam) (Congress has evinced an explicit intent that defendants who have been convicted of crimes committed prior to November 1, 1987 be sentenced under the old law).
 
 
 2
 Accordingly, it is hereby ORDERED that the motion for in forma pauperis status be granted and the judgment of the district court be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation