## UNITED STATES of America

### v.

## SUSSMAN, Barry.

### Appeal of Barry S. SUSSMAN.

### No. 89–5643.

United States Court of Appeals, Third Circuit.

Submitted Feb. 13, 1990.

Decided April 9, 1990.

Rehearing and Rehearing In Banc Denied May 9, 1990.

Barry S. Sussman, Montgomery, Pa., pro se.

Samuel A. Alito, Jr., U.S. Atty., Edna Ball Axelrod, Chief, Appeals Div., Glenn J. Moramarco, Asst. U.S. Atty., Newark, N.J., for appellee.

Before BECKER, GREENBERG and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

In this case, defendant-appellant Barry Sussman appeals from an order of the district court denying his Fed.R.Crim.P. 35(a) motion for correction of illegal sentence.[1] For the reasons which follow, we will affirm.

### I.

On July 26, 1988, defendant pled guilty in the United States District Court for the District of New Jersey to one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2), and four counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. The crimes to which defendant pled guilty occurred in 1986. On September 22, 1988, defendant was sentenced to a five-year

---

**1.** Fed.R.Crim.P. 35(a) currently provides that a sentence may be corrected upon remand from a higher court which has determined on appeal that the sentence (1) has been imposed in violation of the law, (2) has been imposed as a result of an incorrect application of the sentencing guidelines, or (3) is unreasonable. However, prior to its amendment by the Sentencing Reform Act of 1984, Pub.L. No. 98–473 § 215(b), 98 Stat. 1837, 1987, 2015–16 (1984), Rule 35(a)

provided that a district court could correct an illegal sentence at any time. This court has previously concluded that the pre-Sentencing Reform Act version of Rule 35(a) applies to prisoners such as defendant whose convictions are for crimes committed before the November 1, 1987, effective date of the sentencing guidelines. *See United States v. Nino*, 878 F.2d 101, 102 n. 1 (3d Cir.1989).

prison term on the credit card fraud count, to suspended prison terms of three years each on the four mail fraud counts, and was ordered to make restitution of $35,-000.00. Because defendant pled guilty to crimes which occurred in 1986, and thus before the November 1, 1987, effective date of the sentencing guidelines, the district court did not sentence him thereunder.

On June 19, 1989, defendant filed the underlying Fed.R.Crim.P. 35(a) motion for correction of illegal sentence, arguing that his sentence was illegal because it was not imposed under the guidelines, which, according to defendant, would have given him a *lower* sentence.[2] The district court denied his motion and a subsequent motion for reconsideration.

Defendant now appeals.

## II.

The sentencing guidelines were promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984, which provided that they were to take effect on November 1, 1986.[3] Pub.L. No. 98-473, § 235(a)(1), 98 Stat. 1987, 2031-32 (1984). The Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217 § 4, 99 Stat. 1728 (1985), later changed this date to November 1, 1987.[4] The Sentencing Reform Act itself does not make clear whether the sentencing guidelines were to be applied solely to offenses committed after their effective date or also to offenses, such as those to which defendant pled guilty, which were committed before their effective date but for which sentencing occurred after their effective date. However, on December 7, 1987, Congress enacted the Sentencing Act of 1987, Pub.L. No. 100-182, 101 Stat. 1266 (1987), section 2(a) of which states that the Sentencing Reform Act applies only to offenses committed after November 1, 1987.

*See Gallardo v. Quinlan*, 874 F.2d 186, 188 (3d Cir.1989) (per curiam); *United States v. Martinez–Zayas*, 857 F.2d 122, 126–27 (3d Cir.1988).

Defendant argues that in 1986, when he committed the crimes to which he pled guilty and prior to the enactment of the Sentencing Act of 1987, the law as set out in the Sentencing Reform Act and the Sentencing Reform Amendments Act provided that the sentencing guidelines were to apply to any offense for which sentencing occurred after November 1, 1987. Thus, he argues that to apply section 2(a) of the Sentencing Act of 1987 to preclude him from being sentenced under the guidelines would violate the Ex Post Facto clause of the Constitution.

We reject the defendant's argument because we conclude that Congress, at the time it provided for the sentencing guidelines through enacting the Sentencing Reform Act of 1984, intended that they only apply to offenses committed after their effective date, thus obviating any Ex Post Facto problem. We recognize that support for an opposing argument is found in section 235 of Pub.L. 98-473, 98 Stat. 1987, 2031-32 (1984), the statute providing for the effective date of the sentencing guidelines, which continues to provide:

> "(b)(1) The following provisions of law in effect on the day before the effective date of this Act shall remain in effect for five years after the effective date as to an individual *convicted of an offense ... before the effective date ...*:
>
> \*   \*   \*   \*   \*   \*
>
> (F) The maximum term of imprisonment in effect on the effective date for an offense committed before the effective date."

(Emphasis added.) The reference to individuals "convicted" before the effective

---

2. According to Sussman, under the Sentencing Guidelines system he would qualify for a base offense level of six points. Specific offense characteristics (loss between $50,001–$100,000) result in an additional five points, for a sum offense level total of 11 points. When the offense level is to be cross-matrixed with his Criminal History Category II, the resultant guidelines for incarceration are 10–16 months.

3. The statutory language actually said that the guidelines would take effect on the first day of the first calendar month beginning twenty-four months after the date of enactment (October 12, 1984).

4. The statute increased the twenty-four month period in the Sentencing Reform Act to thirty-six months.

date might suggest that Congress intended all those convicted after the effective date to be sentenced under the guidelines, even those whose offenses occurred before the effective date. However, this argument is foreclosed by the Senate Report submitted with the Sentencing Reform Act of 1984, which provides in part:

> "The title will apply to any offense or other event occurring on or after the effective date. A sentence imposed before the effective date of the guidelines as to an individual imprisoned or on probation or parole on that date would not be affected by this title. *As to an offense committed prior to the effective date, the preexisting law will apply as to all substantive matters including the imposable sentence.*"

S.Rep. No. 225, 98th Cong., 2d Sess. 189 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3372 (emphasis added).

This report clearly states that in 1984, when the Sentencing Reform Act was enacted, Congress intended the sentencing guidelines to apply only to offenses committed after November 1, 1987. Moreover, a congressional intention to make the guidelines applicable to crimes committed before they went into effect would result in Ex Post Facto violations in many other cases, and where possible we are required to construe statutes in a way which avoids constitutional violations. *United States v. Security Industrial Bank*, 459 U.S. 70, 78, 103 S.Ct. 407, 412, 74 L.Ed.2d 235 (1982). Thus, we reject defendant's argument because we conclude that defendant was never entitled to be sentenced under the sentencing guidelines. Therefore, defendant's Ex Post Facto rights were not violated.

Our decision is in accord with those of the two other courts of appeals to consider the issue. *See United States v. Stewart*, 865 F.2d 115 (7th Cir.1988); *United States v. Haines*, 855 F.2d 199 (5th Cir.1988).

The judgment of the district court will be affirmed.