935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip GRUBB, Defendant-Appellant.
 No. 89-5674.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1991.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, JR. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Phillip Grubb, a federal prisoner, appeals the district court's order denying his motion for correction of illegal sentence filed under Fed.R.Crim.P. 35(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Grubb pleaded guilty to two counts of possessing with intent to distribute diazepam, a schedule IV, non-narcotic controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1). The acts leading to the charges occurred on May 7, 1987 and May 24, 1987. The district court sentenced Grubb on August 2, 1988 to three years imprisonment on each count, the sentences to run consecutively. Grubb was also sentenced to a special parole term of one year and a $100 special assessment. Grubb's subsequent motions to reduce sentence under Fed.R.Crim.P. 35(b) and to correct credit for time in custody were overruled by the district court in orders filed January 31, 1989 and March 23, 1989, respectively.
 
 
 3
 On April 24, 1989, Grubb filed a motion for correction of sentence under Fed.R.Crim.P. 35(a). He sought resentencing within the new sentencing guidelines because his sentence was imposed after the effective date of the Sentencing Reform Act of 1984. The government filed an objection to Grubb's motion.
 
 
 4
 The district court denied Grubb's motion in an opinion and order filed May 19, 1989 on the basis that a number of circuits, including the Sixth, have held that the sentencing guidelines do not apply to offenses committed prior to November 1, 1987.
 
 
 5
 On appeal, Grubb continues to argue the merits of his motion.
 
 
 6
 Upon review, we affirm the district court's order because the sentencing guidelines are not applicable to Grubb's offenses, which were committed before the effective date of the Sentencing Reform Act of 1984. See United States v. Benskin, 926 F.2d 562, 564 (6th Cir.1991); United States v. Sussman, 900 F.2d 22, 24 (3d Cir.1990).
 
 
 7
 Accordingly, the district court's order, filed May 19, 1989, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.