

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2006

# USA v. Pray

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Pray" (2006). *2006 Decisions.* Paper 766.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/766

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4372
_____

UNITED STATES OF AMERICA

vs.

WAYNE PRAY,
                                                          Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 88-cr-00175-01)
District Judge: Honorable Joseph A. Greenaway

_____

Submitted Under Third Circuit LAR 34.1(a)
July 5, 2006
Before: FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES

(Filed: July 10, 2006)
_____

OPINION
_____

PER CURIAM

       Wayne Pray was convicted by a jury of conspiracy to distribute cocaine and

related crimes and sentenced in January 1990 to life imprisonment. We affirmed his

conviction in 1992. C.A. No. 90-5054 (August 31, 1992). After unsuccessfully seeking

relief under old Rule 35, in 1997 Pray filed a motion to vacate his sentence under 28

U.S.C. § 2255. The District Court denied the motion and we denied his request for a certificate of appealability (C.A. No. 98-5032). We have since denied his application for authorization to file a second section 2255 motion (C.A. No. 01-2644) and, most recently, his motion to recall the mandate in 98-5032.

Undeterred, Pray filed another Rule 35 motion challenging his conviction and sentence. The District Court denied the motion because it declined to deem old Rule 35 applicable to Pray and because under subsequent versions of Rule 35 only the government may move for reduction in sentence.

We need not decide whether the court thereby erred because even if old Rule 35 applies in this context, Pray's claims fail.[1] In his motion, Pray makes three claims (two of which were the subject of his application to file a second section 2255 motion). First, he maintains that his sentence is unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). To determine whether Apprendi applies retroactively, we follow our jurisprudence under 28 U.S.C. §§ 2254 & 2255. United States v. Woods, 986 F.2d 669, 676-678 (3d Cir. 1993). As we have held that Apprendi is not retroactive to cases on collateral review, United States v. Swinton, 333 F.3d 481 (3d Cir. 2003), we conclude that Pray is barred from presenting an Apprendi claim via Rule 35.

In his remaining claims Pray alleges that his convictions under both 21

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review of the denial of a motion under Rule 35 is plenary. United States v. Woods, 986 F.2d 669, 673 (3d Cir. 1993).

U.S.C. § 846 and 21 U.S.C. § 963 violate the Double Jeopardy Clause pursuant to Rutledge v. United States, 517 U.S. 292 (1996), and that the District Court erred when instructing the jury on the requirements for conviction under 21 U.S.C. § 848. Both claims challenge his convictions rather than his sentence[2] and, as such, they are not properly the subject of a rule 35 motion: "as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction . . . of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Hill v. United States, 368 U.S. 424, 430 (1962); United States v. Smith, 839 F.2d 175, 182 (3d Cir. 1988); United States v. Canino, 212 F.3d 383 (7th Cir.2000) (applying this principle to a Rutledge claim).

Accordingly, we will affirm the judgment of the District Court.

---

[2] Although Pray styles these claims in terms of challenges to his sentence, it is plain that his challenges are really to the convictions themselves. See United States v. Canino, 212 F.3d 383, 384 (7th Cir.2000).