OPINION

WEIS, Circuit Judge.
On October 16, 1989, defendant was convicted of multiple violations of the narcotics laws. The docket sheets and indictment document the sentences imposed on the various counts as follows:
A. Count one, engaging in a criminal enterprise from January 1985 to June 1988 in violation of 21 U.S.C. § 848 — life imprisonment
B. Count two, conspiracy, 21 U.S.C. § 846, to distribute and possess with the intent to distribute cocaine and marijuana from January 1985 to June 1988, i.e., conspiracy to commit a violation of 21 U.S.C. § 841(a)(1) — life imprisonment
C. Count four, possession with the intent to distribute cocaine in March 1987 in contravention of 21 U.S.C. § 841(a)(1) — twenty-five years imprisonment to run concurrently with the sentences imposed on counts one, two, five, and seven as well as a three year period of supervised release
D. Count five, possession with the intent to distribute cocaine in March 1987 in violation of § 841(a)(1)— twenty-five years incarceration running concurrent with the penalties received on counts one, two, four, and seven as well as a three-year period of supervised release to run concurrently to the supervised release imposed on count four
E. Count six, possession with the intent to distribute cocaine in June 1987 in breach of § 841(a)(1)— twenty-five years imprisonment to run consecutively to counts four and five but concurrent to counts one, two, and seven, as well as a three year term of supervised release *169 running consecutive to the supervised release imposed on counts four and five
F. Count seven, conspiracy, 21 U.S.C. § 963, to import cocaine into the United States from December 1986 to June 1987, i.e., conspiracy to violate 21 U.S.C. §§ 952(a) and 960(a)(1) — life imprisonment
On direct appeal, the sentences were affirmed by this Court. United States v. Pray, 975 F.2d 1552 (3d Cir.1992).
Defendant filed a petition for habeas corpus in January 2008, contending that although he has been incarcerated for more than 20 years, he has never received a parole hearing or a parole date. He sought an order compelling the United States Parole Commission to place him within the appropriate parole guideline range. The District Court denied the petition.
On appeal to this Court, defendant argues that the original section 235(b)(3) of the Sentencing Reform Act applies to him, thus requiring the United States Parole Commission to set a release date for him within the applicable parole guidelines. See Pub.L. No. 98-473, 98 Stat.1987, 2032 (1984) (“[t]he United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date [1] of this Act, that is within the range that applies to the prisoner under the applicable parole guideline”).
Defendant relies on Lyons v. Mendez, 303 F.3d 285, 292 (3d Cir.2002), which holds that the original section 235(b)(3) applies to persons “who committed crimes between October 12, 1984 and December 7, 1987 and who were scheduled to be in the Parole Commission’s jurisdiction on November 1, 1992.” He further asserts that he had completed his criminal activity pri- or to November 1,1987.
Assuming arguendo that defendant had committed his crimes within the time span discussed in Lyons and before November 1, 1987, the sentence imposed on count one, engaging in a continuing criminal enterprise, is not subject to parole. See United States v. Valenzuela, 646 F.2d 352, 354 (9th Cir.1980) (parole is not available for a life sentence under § 848); see also United States v. McCann, 835 F.2d 1184, 1185 (6th Cir.1987) (sentences imposed under § 848 “are to be without parole”); Gallardo v. Quinlan, 874 F.2d 186, 187-88 (3d Cir.1989) (explaining that individuals who violated § 848 prior to November 1, 1987, committed a non-parolable offense).
Nor can defendant obtain parole from the sentence he received on count two, conspiracy to commit a violation of § 841(a)(1), because that is non-parolable. See 21 U.S.C. § 846 (1988) (“[a]ny person who ... conspires to commit any offense defined in this title is punishable by imprisonment ... which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the ... conspiracy”); see also United States v. Giltner, 972 F.2d 1563, 1563-66 (11th Cir.1992) (sentence for conspiracy to violate § 841 non-parolable where part of the conspiracy occurred after October 27, 1986, the date sentences imposed under § 841 became ineligible for parole); Dyer v. United States, 23 F.3d 1424, 1425-26 (8th Cir.1994) (same).
Sentences at counts four, five, and six for possession with intent to deliver are *170 non-parolable. See 21 U.S.C. § 841(b)(1)(A) — (B) (1987) (“[n]o person sentenced under th[ese] subparagraph[s] shall be eligible for parole during the term of imprisonment imposed therein”); see also United States v. Robles-Pantoja, 887 F.2d 1250, 1257 (5th Cir.1989) (the 1986 amendments to § 841(b)(1)(A)-(B) expressly eliminated the possibility of parole).
Finally, the sentence imposed at count seven for conspiracy to breach, among other things, § 960 is not subject to parole. See Giltner, 972 F.2d at 1563-66 (sentence for conspiracy to violate § 960 non-parola-ble where part of the conspiracy occurred after October 27, 1986, the date on which sentences for violating § 960 became ineligible for parole).
We can find no support for the defendant’s allegation that the petitioner in Lyons was also serving a sentence imposed under § 841(b)(1)(A). The Lyons opinion is irrelevant. Defendant is not serving a sentence from which he may be paroled, and his contentions, therefore, lack merit.
Accordingly, the District Court properly analyzed the sentences imposed upon defendant and correctly found that no relief was available to him. The Judgment of the District Court will be affirmed.

. The effective date of the act was clarified in Lyons v. Mendez, 303 F.3d 285, 292 (3d Cir. 2002).