GLD-218                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2804
_____

JONATHAN RUIZ CASTRO,
                                        Appellant

v.

T. R. SNIEZEK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-00458)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed  June 29, 2011)
_____

OPINION
_____

PER CURIAM

        Jonathan Ruiz Castro, a prisoner incarcerated at the Federal Correctional

Institution-Schuylkill located in Minersville, Pennsylvania, appeals from an order of the

District Court denying his petition for a writ of habeas corpus.  In his petition, Castro

alleged that the Bureau of Prisons ("BOP") miscalculated his sentence by failing to credit

him with time served in state custody prior to the imposition of his federal sentence. For the following reasons, we will summarily affirm.

I.

On December 12, 2005, Castro was arrested by Pennsylvania authorities on charges related to an assault and taken into state custody. The next day, a federal detainer was lodged against him as a result of charges he was facing in the District of Puerto Rico for violating federal drug laws. Castro was sentenced in state court on May 25, 2006, to 11-and-a-half to 23 months of imprisonment for aggravated assault.

Castro was temporarily taken into federal custody on June 7, 2006, on a writ of habeas corpus ad prosequendum, and returned to state custody the same day. On October 5, 2006, he was paroled into federal custody so that he could address the pending federal charges. He ultimately pled guilty to conspiracy to possess cocaine with the intent to distribute and was sentenced by the United States District Court for the District of Puerto Rico to a term of 90 months of imprisonment.

The BOP calculated Castro's federal sentence as commencing on June 13, 2007, the date that it was imposed, and gave him credit for the 250 days he spent in federal custody from October 6, 2006 – when he was paroled from state custody – until the date he was sentenced.[1] Castro challenged that calculation by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. He alleged that the BOP miscalculated his sentence by

---

[1] Castro's projected release date, accounting for good time credit, is April 19, 2013.

2

failing to credit him with the time he spent in state custody from December 13, 2005, through October 5, 2006.[2] The District Court denied Castro's petition, concluding that he was not entitled to that credit because the time in question had already been credited toward his state sentence. Castro timely appealed.[3]

## II.

The District Court had jurisdiction over Castro's habeas petition pursuant to 28 U.S.C. § 2241.[4] See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). Our appellate jurisdiction arises under 28 U.S.C. § 1291. We review the District Court's denial of Castro's habeas petition de novo, see Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007), and may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court that the BOP properly calculated Castro's sentence. The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 333-35 (1992). In calculating a sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to

---

[2] On appeal, Castro suggests that he now seeks credit only for the period from December 13, 2005, through May 25, 2006.

[3] We dismissed Castro's appeal for failure to prosecute, but subsequently granted his motion to reopen the appeal and his motion to proceed in forma pauperis.

[4] "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Castro contends that he has properly exhausted administrative remedies prior to filing his petition and, since the respondent does not dispute that contention, we will consider the issue waived and address the merits of Castro's petition. See Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995).

3

any credits toward his sentence. See 18 U.S.C. § 3585. Section 3585(b), which governs when a prisoner receives credit for prior custody, expressly prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence. Id. (requiring credit for time served "that has not been credited against another sentence"); Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time."). Accordingly, since the time Castro served in state custody was credited toward his state sentence, he is not also entitled to credit that time toward his federal sentence.

Despite the clear language of § 3585(b), Castro claims that he is entitled to additional credit toward his federal sentence on the theory that the federal detainer precluded him from obtaining bail on the state charges. In support of that theory, Castro relies on several cases construing 18 U.S.C. § 3568, the predecessor to § 3585, to require that a prisoner serving a federal sentence receive credit for time spent in state custody "[i]f he was denied release on bail because [a] federal detainer was lodged against him." Davis v. Att'y Gen., 425 F.2d 238, 240 (5th Cir. 1970); see, e.g., United States v. Haney, 711 F.2d 113, 114 (8th Cir. 1983) (per curiam). However, § 3568, which did not explicitly preclude double credit, has been superseded by the Sentencing Reform Act of 1984 and recodified at § 3585(b), which clearly prohibits double credit.[5] See Wilson, 503 U.S. at 331-33. Furthermore, even under § 3568, credit was not necessarily available for time spent in state custody on a federal detainer when that time had been credited

---

[5] The Sentencing Reform Act applies to offenses committed after November 1, 1987. Gallardo v. Quinlan, 874 F.2d 186, 188 (3d Cir. 1989) (per curiam).

4

toward another sentence. See Rios v. Wiley, 201 F.3d 257, 273 n.14 (3d Cir. 2000), superseded on other grounds as stated in, United States v. Saintville, 218 F.3d. 246, 248-49 (3d Cir. 2000); see also United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). Castro's arguments are therefore unavailing.

We also agree with the District Court that Castro cannot invoke the limited exceptions to § 3585(b)'s prohibition against double credit pursuant to Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971) (per curiam), because those cases require as a prerequisite that the state and federal sentences in question be concurrent. See Rios, 201 F.3d at 272 n.13. Here, Castro finished serving his state sentence before his federal sentence commenced, rendering the Kayfez and Willis line of cases inapplicable.

Since Castro's appeal does not present a substantial question for review, we will summarily affirm.