12-3978-pr
Pray v. Billingsley

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                        *Circuit Judges.*

_____

WAYNE PRAY,

                        *Petitioner-Appellant*,[*]

                        - v -                          No. 12-3978-pr

WARDEN BILLINGSLEY,

                        *Respondent-Appellee.*

_____

For Petitioner-Appellant:        LAWRENCE S. LUSTBERG (Joshua C. Gillette, *on the brief*) Gibbons P.C., Newark, NJ.

For Respondent-Appellee:        SARAH J. NORTH (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

[*]The Clerk of Court is directed to amend the official caption as shown in this order .

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED**.

Petitioner Wayne Pray appeals from a September 10, 2012 final judgment by the United States District Court for the Southern District of New York (Nathan, *J.*) dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court dismissed his petition for lack of jurisdiction on the ground that Pray's claim challenged the imposition of his criminal sentence and therefore had to be brought under 28 U.S.C. § 2255 in the court in which Pray was sentenced. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

To the extent that Pray challenges the legality of the sentence imposed, his claims were required to have been brought in a § 2255 motion before the sentencing court. The district court correctly dismissed those claims for lack of jurisdiction. To the extent that Pray challenges the execution of his sentence, he is not entitled to relief. Because the judgment of conviction makes clear that the sentencing court relied on *United States v. Aguilar*, 843 F.2d 735 (3d Cir. 1988), in imposing Pray's general life sentence, we conclude that the sentence was imposed based on Count 1 of Pray's conviction. The Third Circuit has found that "the sentence imposed on count one, engaging in a continuing criminal enterprise, is not subject to parole." *Pray v. Holt*, 338 F.

2

App'x 167, 169 (3d Cir. 2009).[1]  Therefore, whether a sentence pursuant to Count 7 would be

parolable is immaterial unless and until the sentence imposed pursuant to Count 1 is vacated.

Pray also argues that the district court erred in dismissing his petition rather than

recasting it as a § 2255 petition and transferring it to the Court of Appeals for a determination of

whether to issue a certificate of appealability.  However, the district court was well within its

discretion to dismiss the petition in this case.  *See Cephas v. Nash*, 328 F.3d 98, 104 n.5 (2d Cir.

2003).  Moreover, if the district court had recast the petition as a § 2255 petition and transferred

it for certification, the § 2255 petition would have had to be adjudicated by the sentencing

court—the United States District Court for the District of New Jersey.  28 U.S.C. § 2255(a).  In

that circumstance, the determination to issue a certificate of appealability would have to be made

by the Third Circuit, *see Wright v. Nash*, 84 F. App'x 143, 146 (2d Cir. 2004), which has already

considered a similar claim by Pray that his life sentence is parolable and found that Pray "is not

serving a sentence from which he may be paroled."  *Pray*, 338 F. App'x at 170.  In addition,

Pray has already filed a § 2255 petition in the United States District Court for the District of New

Jersey, which was denied.  The Third Circuit then denied his request for a certificate of

appealability and subsequently denied his application to file a second § 2255 petition.  *See*

*United States v. Pray*, 187 F. App'x 131, 132 (3d Cir. 2006).  Accordingly, "dismissal in these

circumstances was both permissible and appropriate."  *Adams v. United States*, 372 F.3d 132,

136 (2d Cir. 2004).

---

[1]Pray does not argue, in the instant petition, that he would be eligible for parole if the sentence were imposed solely based on Count 1.

3

We have considered Pray's remaining arguments regarding the district court's ruling and we find them to be without merit. For the reasons stated herein, to the extent Pray's petition challenges the legality of the sentence imposed, the judgment of the district court is **AFFIRMED**. To the extent Pray's petition challenges the execution of his sentence, the judgment of the district court is **VACATED**, and the case is **REMANDED** for dismissal on the merits.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK