ALD-275                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1171
_____

HERTMUT GRAEWE,
                                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-15-cv-02002)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017
Before:  MCKEE, JORDAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 30, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Hertmut Graewe, a federal prisoner, appeals from the District Court's order denying his habeas corpus petition filed under 28 U.S.C. § 2241. For the reasons below, we will summarily affirm.

I.

In 1983, a jury sitting in U.S. District Court for the Northern District of Ohio found Graewe guilty of multiple charges, including operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848. He received a life sentence for the § 848 conviction. Of relevance here, in 2012, Graewe filed a habeas petition under 28 U.S.C. § 2241, challenging the determination of the Federal Bureau of Prisons (BOP) that he was not eligible for parole as a result of his § 848 conviction. The U.S. District Court for the Northern District of West Virginia denied his petition. Graewe v. O'Brien, No. 1:12-cv-103, 2013 WL 676273 (N.D. W. Va. Feb. 25, 2013). The U.S. Court of Appeals for the Fourth Circuit affirmed. Graewe v. O'Brien, 538 F. App'x 324 (4th Cir. 2013) (per curiam) (unpublished).

In October 2015, Graewe, who is now in custody at FCI Allenwood, filed another § 2241 petition. He again challenged the BOP's parole-eligibility determination, this time in U.S. District Court for the Middle District of Pennsylvania. The Magistrate Judge assigned to the case issued an order directing Graewe to show cause why his petition was not barred as an abuse of the writ under 28 U.S.C. § 2244(a), which restricts a litigant's ability to file a second or successive habeas petition. After receiving filings from the parties, the Magistrate Judge recommended dismissing Graewe's petition as successive.

2

The District Court adopted the Report and Recommendation and denied the petition.[1]

Graewe appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  In reviewing the denial of a 28 U.S.C. § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact."  See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary.").  We may summarily affirm a district court's order if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

We will summarily affirm for substantially the same reasons given in the Magistrate Judge's report, which was adopted by the District Court. [3]  Section 2241 is a

---

[1] Although the Magistrate Judge recommended dismissing the petition, the District Court denied it.

[2] A certificate of appealability is not required to appeal from this denial of a § 2241 petition.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

[3] A district court may raise the abuse-of-the-writ issue sua sponte, as long as it gives the petitioner notice and an opportunity to respond.  See, e.g., Femia v. United States, 47 F.3d 519, 522-23 (2d Cir. 1995); United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993); cf. Stanko v. Davis, 617 F.3d 1262, 1271 (10th Cir. 2010) (applying harmless error analysis to sua sponte dismissal when the petitioner had other opportunities to plead

proper vehicle for challenging federal parole decisions.  Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 255 (3d Cir. 2008); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). "In a case in which a successive petition includes a claim for relief already fully considered and rejected . . . the petitioner [must] show that 'the ends of justice' would be served by the court entertaining his petition[.]"  Funari, 531 F.3d at 251; see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (applying 28 U.S.C. § 2244(a)'s limitation on second or successive habeas petitions to § 2241).

As noted above and as the Magistrate Judge stated, Graewe previously challenged the BOP's determination that he was not eligible for parole before the U.S. District Court for the Northern District of West Virginia and the U.S. Court of Appeals for the Fourth Circuit.  The decisions in those courts preclude him from raising this claim again unless he can show that the "ends of justice" would be served by reaching the merits of his claim.  As explained by the Magistrate Judge, Graewe has not made that showing, and his reliance on a 2015 order from the sentencing court does not provide a basis for a successive habeas petition.  Further, we note that this Court has previously held that defendants who violated 21 U.S.C. § 848 prior to November 1, 1987, are not eligible for parole.  See Gallardo v. Quinlan, 874 F.2d 186, 188 (3d Cir. 1989) (per curiam); see also United States v. Bello, 767 F.2d 1065, 1066-67 (4th Cir. 1985) (noting that engaging in a continuing criminal enterprise is a non-parolable offense); United States v. Valenzuela,

---

the validity of his petition).  We conclude that Graewe was afforded adequate notice and an opportunity to respond.

4

646 F.2d 352, 354 (9th Cir. 1980) ("Congress clearly intended to make parole unavailable to those who violated section 848. There is no indication that Congress intended to change this penalty when it re-enacted the parole statutes.").

## IV.

Accordingly, we will affirm the District Court's order.