**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HARTMUT GRAEWE,

     Petitioner - Appellant,

v.

NICOLE ENGLISH, Warden,
USP-Leavenworth,

     Respondent - Appellee.

No. 19-3081
(D.C. No. 5:18-CV-03306-JWL)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Mr. Hartmut Graewe, a federal prisoner acting pro se,[1] seeks habeas relief

under 28 U.S.C. § 2241. Exercising our jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Graewe proceeds pro se, we liberally construe his filings. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we will not act as his advocate. *See id.*

## I.    BACKGROUND

In 1983, a jury in the United States District Court for the Northern District of Ohio found Mr. Graewe guilty of various drug-related and RICO charges, including operating a continuing criminal enterprise in violation of 21 U.S.C. § 848. The district court sentenced him to life imprisonment on the § 848 count and to terms of years on thirty-seven other counts. In 1985, Mr. Graewe was transferred to the U.S. Penitentiary in Marion, Illinois, where he claims he first learned his life sentence for violation of 21 U.S.C. § 848 (1976) was not eligible for parole.[2] The Bureau of Prisons ("BOP") later transferred Mr. Graewe to the federal penitentiary in Bruceton Mills, West Virginia. *Graewe v. O'Brien*, No. 1:12cv103, 2012 WL 7210539, at *1 (N.D. W. Va. Nov. 8, 2012), *report and recommendation adopted*, No. 1:12CV103, 2013 WL 676273, at *1 (N.D. W. Va. Feb. 25, 2013), *aff'd*, 538 F. App'x 324 (4th Cir. 2013) (unpublished).

In 2012, Mr. Graewe filed a § 2241 petition in the District Court for the Northern District of West Virginia, alleging that the BOP improperly determined he was not eligible for parole. *Graewe*, 2013 WL 676273, at *1; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The

---

[2] In 1984, Congress passed the Sentencing Reform Act, which eliminated parole in the federal system for offenses committed after November 1, 1987. Sentencing Reform Act of 1984, Pub. L. No. 98–473, § 218(a)(5), 98 Stat. 1987, 2027.

magistrate judge's Report and Recommendation ("R&R") concluded that Mr. Graewe was not eligible for parole because he had been convicted for a violation of 21 U.S.C. § 848. *Graewe*, 2012 WL 7210539, at *1, *3. Mr. Graewe objected to the R&R on the grounds that: (1) neither the indictment nor the judgment of conviction cited § 848(c) (which expressly prohibits parole); (2) § 848(c) did not prohibit parole when he was convicted and sentenced because its cross-reference to 18 U.S.C. § 4202 was not updated after "the statutory reshuffling in 1976"; and (3) the inclusion of a special parole term with respect to the term-of-years sentence evidenced the sentencing court's intent that Mr. Graewe be eligible for parole. *Graewe*, 2013 WL 676273, at *1–3.

In 1983, when Mr. Graewe was convicted, § 848(c) read, "[i]n the case of any sentence imposed under this section, . . . probation shall not be granted, and section 4202 of Title 18 . . . shall not apply." *Id.* at *2 (quoting 21 U.S.C. § 848(c) (1982)). Prior to 1976, 18 U.S.C. § 4202 provided for federal prisoners' parole eligibility, and § 848(c) expressly prohibited parole. *See id.* In 1976, Congress repealed § 4202 "and replaced it with a provision that provided for the creation of parole commissions." *Id.* Congress "recodified and incorporated former [§] 4202 into 18 U.S.C. § 4205." *Id.* But, as Mr. Graewe argued, Congress did not revise the cross-reference in 21 U.S.C. § 848(c) to cite to 18 U.S.C. § 4205, and thus, the cross-reference to 18 U.S.C. § 4202 was no longer related to parole eligibility. *Id.* at *2–3. Congress ultimately abolished parole for all federal offenses committed after November 1, 1987. *Id.* at *3

3

n.1. According to Mr. Graewe, Congress's failure to update the cross-reference to Title 18 indicates its intent to permit parole for violations of § 848. *See id.* at *2–3.

As for Mr. Graewe's third contention—that the sentencing court intended he be eligible for parole—the court sentenced Mr. Graewe to fifteen years' imprisonment, to run concurrently with his life sentence on the § 848 count. *Id.* at *2. Mr. Graewe's sentence on Count 35 includes a three-year special parole term, and he argued that this special parole term "indicate[d] that his sentence, as a whole, was meant to be parole-eligible." *Id.* at *3.

The district court rejected Mr. Graewe's objections and adopted the R&R of the magistrate judge. The court held that subsection (c) of § 848 was "a sentencing consideration, not an element of the offense that must be separately charged . . . or . . . included in a judgment and commitment order." *Id.* at *2 (citation omitted). And even though § 848(c)'s cross-reference had been reshuffled, the district court followed the reasoning of every other court facing this issue and held that there was no indication that Congress intended to change its dictate that a violation of § 848 was a non-parolable offense. *Id.* at *3. The district court also overruled Mr. Graewe's objection to the R&R based on the sentencing court's inclusion of a special parole term on a separate count of his indictment. *Id.* The district court concluded that while Mr. Graewe's parole-eligible sentence for Count 35 was to run concurrently with the life sentence under the § 848 count, that did not affect § 848's prohibition of parole. *Id.* Consequently, the district court dismissed Mr. Graewe's case with prejudice on

4

the merits. *Id.* The Fourth Circuit affirmed the district court's order in 2013, finding no reversible error. *Graewe*, 538 F. App'x at 324.

In 2015, Mr. Graewe filed a Motion to Correct an Illegal Sentence in the United States District Court for the Northern District of Ohio ("the sentencing court"). *Graewe v. Spaulding*, No. 4:15-CV-02002, 2016 WL 7365210, at *3–4 (M.D. Pa. Sept. 7, 2016) (summarizing the 2015 proceedings regarding Mr. Graewe's Motion to Correct an Illegal Sentence), *report and recommendation adopted*, No. 4:15-CV-2002, 2016 WL 7324562 (M.D. Pa. Dec. 16, 2016), *aff'd sub nom. Graewe v. Warden Allenwood FCI*, 691 F. App'x 61 (3d Cir. 2017) (unpublished). Specifically, Mr. Graewe requested that the sentencing court redact "without [the] possibility of parole" from his original sentence. *Id.* at *3. But, as the United States noted, the phrase "without the possibility of parole" does not appear in the original sentence and cannot be redacted. *Id.* In denying Mr. Graewe's motion, the sentencing court confusingly stated that "[Mr.] Graewe's life sentence was *not* imposed without the possibility of parole." *Id.*

The BOP transferred Mr. Graewe to a federal correctional facility in White Deer, Pennsylvania, where he subsequently filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania. *Id.* at *1. The magistrate judge determined that Mr. Graewe's petition was barred as second or successive under 28 U.S.C. § 2241 because Mr. Graewe had litigated the same claims in the Northern District of West Virginia. *Id.* at *2–3. Mr. Graewe argued the ends of justice would be served by reaching the merits of his claims because the sentencing

5

court's 2015 order, which had explained that his life sentence was not imposed without the possibility of parole, demonstrated he was eligible for parole. *Id.* at *3.

The magistrate judge filed a R&R rejecting Mr. Graewe's argument. The magistrate judge explained that the sentencing court's 2015 order did not reach the question of "whether an individual, such as Graewe, who violated § 848 prior to November 1, 1987 [the date Congress abolished parole in the federal system], committed a non-parolable offense." *Id.* at *4. The magistrate judge reasoned that because "without the possibility of parole" did not appear in the original sentence, the sentencing court's 2015 order refusing to "redact" such language did not constitute a material change to Mr. Graewe's sentence that could provide an exception to the prohibition on second or successive petitions under § 2241. *See id.* at *3–4. The district court adopted the magistrate judge's R&R, and the Third Circuit affirmed. *Graewe*, 691 F. App'x at 62.

In 2018, Mr. Graewe sought habeas relief under 28 U.S.C. § 2255. He was required to file his § 2255 motion in the court that imposed his sentence, the United States District Court for the Northern District of Ohio. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A 28 U.S.C. § 2255 petition . . . must be filed in the district that imposed the sentence." (citations omitted)). Instead, Mr. Graewe filed a motion for an order authorizing a second or successive § 2255 motion in the Sixth Circuit. *Graewe v. United States*, No. 18-3706, 2018 WL 5618109, at *1 (6th Cir. Oct. 26, 2018). The circuit court denied the motion as unnecessary and transferred the matter to the District Court for the Northern District of Ohio as an initial § 2255

6

motion. *Id.* The district court held that Mr. Graewe's § 2255 petition was time barred because he filed it "decades beyond the statute of limitations." *Graewe v. United States*, No. 1:18CV655, 2018 WL 3417296, at *2 (N.D. Ohio July 13, 2018), *certificate of appealability denied,* No. 18-3706, 2018 WL 5618109 (6th Cir. Oct. 26, 2018). Mr. Graewe then filed an application for a certificate of appealability ("COA") in the Sixth Circuit. *Graewe*, 2018 WL 5618109, at *1. The Sixth Circuit denied Mr. Graewe's request for a COA, holding that his claims were improperly brought under § 2255 and ought to have been brought under § 2241 because he was challenging the execution or manner in which his sentence was served. *Id.*

The BOP subsequently transferred Mr. Graewe to the U.S. Penitentiary at Leavenworth, Kansas. Mr. Graewe then filed the underlying § 2241 petition, alleging that the BOP illegally converted his ten-years-to-life sentence with the possibility of parole into a life sentence without the possibility of parole in violation of his substantive and procedural due process rights. Mr. Graewe sought relief in the form of an order directing the BOP to commence mandatory parole pursuant to 28 C.F.R. § 2.53(a) (1976).

The district court dismissed the petition as barred by 28 U.S.C. § 2244(a) because it is successive to prior habeas petitions Mr. Graewe filed on the same grounds. Mr. Graewe filed this timely appeal.

We affirm the district court's ruling. Because we need not reach the merits of Mr. Graewe's successive § 2241 petition, we deny Mr. Graewe's request to take judicial notice of the U.S. Parole Commission Transfer of Duties Plan as moot.

7

## II. DISCUSSION

A federal petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States" to qualify for habeas corpus relief. 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his underlying conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The execution of a sentence includes the "deprivation of good-time credits and other prison disciplinary matters." *Id.*

A petitioner's right to have his claims heard under § 2241 is limited by 28 U.S.C. § 2244(a) and relevant case law. *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). Section 2244(a) authorizes a court to decline to hear a habeas petition that presents a claim raised and adjudicated on the merits in an earlier proceeding unless hearing the claim would serve the ends of justice. *Id.* A court may also decline to hear a habeas petition raising a claim that could have been presented in an earlier habeas petition but was not. *Id.* To raise a claim that could have been raised in a prior proceeding, the petitioner must demonstrate that "the omission was not the result of inexcusable neglect." *Id.* at 1271; *see also McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

The district court found that Mr. Graewe's petition was barred by § 2244(a) because Mr. Graewe's claims were raised and rejected in earlier proceedings before other courts. Because Mr. Graewe has offered no argument that the ends of justice

8

would require the district court to review the merits of his claims again, we agree with the district court.

Mr. Graewe's § 2241 petition is successive. As the district court found, Mr. Graewe has raised his central claim that the BOP improperly converted his sentence in multiple previous proceedings. First, the Northern District of West Virginia heard this claim and adjudicated it on the merits. *Graewe*, 2013 WL 676273, at *3. Second, the Middle District of Pennsylvania heard Mr. Graewe's claim that the 2015 order from the sentencing court constituted an intervening judgment satisfying the ends of justice exception and rejected it on the merits. *Graewe*, 2016 WL 7365210, at *4. And Mr. Graewe has failed to argue before this court that hearing these claims again would serve the ends of justice.

On appeal, Mr. Graewe attempts to raise multiple new claims: (1) the United States Immigration and Naturalization Service was aware that Mr. Graewe's sentences were parole eligible; (2) a 2015 order by Mr. Graewe's sentencing court clarified that his sentence was imposed *with* the possibility of parole; (3) case law is replete with instances of parole eligible § 848 sentences; (4) prior courts failed to acknowledge Mr. Graewe's original sentence; (5) the district court misinterpreted the law of the case and 28 U.S.C. § 2244(a); (6) § 848 affords courts discretion over sentencing; and (7) the BOP has failed to recognize that Mr. Graewe is 74 years old, has multiple serious health problems, and has an extremely low risk of violence if paroled. Mr. Graewe, however, has not demonstrated that the omission of these

9

claims from his numerous previous petitions was the result of anything but inexcusable neglect. *See McCleskey*, 499 U.S. at 489. As a result, they are barred.

### III.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's ruling and **DENY AS MOOT** Mr. Graewe's request to take judicial notice.

Entered for the Court


Carolyn B. McHugh
Circuit Judge