CLD-016                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2636
_____

UNITED STATES OF AMERICA

v.

CLARENCE TONEY,
                                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Action No. 1:83-cr-00017-001)
District Judge:  Honorable Edward S. Kiel

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 24, 2024

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: November 1, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Clarence Toney, a federal prisoner and a pro se litigant, appeals from the District Court's August 15, 2024 order denying his various motions for relief under 18 U.S.C. § 3582(c). The Government has timely moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 1983, the District Court sentenced Toney to 25 years in prison after a jury found him guilty of two bank-robbery counts. "This federal sentence was imposed consecutively to several state sentences, causing [Toney] to be paroled into federal custody only in 2019." Dist. Ct. Order entered Aug. 15, 2024, at 1. Toney's projected release date from federal prison is in 2036. See https://www.bop.gov/inmateloc/ (last visited Oct. 23, 2024).

In 2020, Toney moved the District Court for compassionate release pursuant to § 3582(c)(1)(A). The District Court denied that motion, as well as his related motion for reconsideration. Toney appealed from the denial of compassionate release, but he later voluntarily dismissed that appeal. See C.A. No. 21-1823.

About 18 months after Toney voluntarily dismissed that appeal, he once again moved the District Court to reconsider its denial of compassionate release. He later filed

2

a supplemental motion for compassionate release and a motion to reduce his sentence pursuant to § 3582(c)(2). On August 15, 2024, the District Court denied all three pending motions, indicating that Toney was ineligible for relief under § 3582(c) because he committed his offenses before November 1, 1987 — the effective date of the Sentencing Reform Act of 1984 ("SRA"). This appeal followed.[1]

## II.

We agree with the District Court's August 15, 2024 decision denying Toney's motions for relief under § 3582(c). As the District Court explained, pre-SRA defendants like Toney are governed not by § 3582(c), but rather by former 18 U.S.C. § 4205(g). See 28 C.F.R. § 572.40 (providing that § 4205(g) "remains the controlling law" for inmates whose offenses occurred before November 1, 1987); United States v. Jackson, 991 F.3d 851, 854 (7th Cir. 2021) (explaining that § 3582 is "inapplicable to old-law [(pre-SRA)] prisoners"); see also Gallardo v. Quinlan, 874 F.2d 186, 188 (3d Cir. 1989) (per curiam) (concluding that the SRA did not apply to the appellants because they committed their offenses before November 1, 1987). None of Toney's motions at issue here could prevail under § 4205(g), because a motion for relief under that statute must be filed by the

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review here is plenary. See United States v. Claude, 16 F.4th 422, 425 (3d Cir. 2021); United States v. Ortiz-Vega, 744 F.3d 869, 870 n.1 (3d Cir. 2014).

Bureau of Prisons, not by the prisoner himself.  See United States v. King, 24 F.4th 1226, 1228-29 (9th Cir. 2022).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. I.O.P. 10.6.[2]

---

[2] The Government's motion to summarily affirm includes a footnote indicating that a pre-SRA defendant "may file a sentence-reduction motion under the language of Federal Rule of Criminal Procedure 35(b) as it existed prior to the effective date of the SRA." 3d Cir. Dkt. No. 8, at 6 n.3; see United States v. Idone, 38 F.3d 693, 696 (3d Cir. 1994) (reciting the pre-SRA version of Rule 35(b)).  That footnote further indicates that, if Toney were to file a Rule 35(b) motion that the Government viewed as "ha[ving] arguable merit, the Government would waive the 120-day time limit prescribed by [the pre-SRA version of] Rule 35(b)."  3d Cir. Dkt. No. 8, at 6 n.3.  We take no position here on Toney's ability to prevail on such a motion.